UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> v.<br><br>ROBERT GRIMES,<br><br>      Defendant. | CASE NO. CR11-5509 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND GRANTING MOTIONS TO SEAL AND MOTIONS TO FILE OVERLENGTH BRIEFS |

This matter comes before the Court on Defendant Robert Grimes's ("Grimes") motion for compassionate release, Dkt. 195, motion to seal, Dkt. 194, motions for leave to file overlength briefs, Dkts. 193, 201, and the Government's motion for leave to file overlength brief, Dkt. 199. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion for compassionate release and grants the motion to seal and motions for leave to file overlength briefs for the reasons stated herein.

**I. FACTUAL & PROCEDURAL BACKGROUND**

On October 19, 2011, Grimes and his codefendants were charged by indictment with Conspiracy to Possess with Intent to Distribute and Distribute Methamphetamine

and Heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), (B), and 842, and Possession and Attempted Possession with Intent to Distribute Methamphetamine and Heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), (B), and 842 and 18 U.S.C. § 2. Dkt. 11. On August 24, 2012, Grimes pled guilty to both charges without a plea agreement, Dkts. 122, 123, after Judge Ronald B. Leighton[1] held extensive hearings and denied Grimes's motion to suppress evidence, *see* Dkt. 85. On November 20, 2012, Grimes was sentenced to 240 months incarceration. Dkts. 146, 147.

On December 10, 2013, Grimes filed a motion pursuant to 28 U.S.C. § 2255 claiming he received ineffective assistance of counsel and sought to vacate his convictions and sentence. *See Grimes v. United States*, CV13-6051 RBL, Dkt. 1. The Government conceded that Grimes would likely prevail on his motion, *id.*, Dkt. 10, and the Court granted Grimes's motion, *id.*, Dkt. 11. On August 14, 2014, Grimes entered into a revised plea agreement and pled guilty to one count Conspiracy to Possess with Intent to Distribute Methamphetamine and Heroin. Dkt. 171. He was again sentenced to 240 months incarceration. Dkts. 170, 171. Grimes is currently housed at Federal Medical Center Butner ("FMC Butner") and is scheduled to be released on January 31, 2029.

On October 29, 2020, Grimes filed a motion for compassionate release, Dkt. 195, a motion for leave to file overlength brief, Dkt. 193, and a motion to seal, Dkt. 194. On November 5, 2020, the Government responded, Dkt. 200, and filed a motion for leave to

---

[1] On August 31, 2020, this case was reassigned to this Court following Judge Leighton's retirement from the federal bench. Dkt. 189.

file overlength response, Dkt. 199. On November 6, 2020, Grimes replied, Dkt. 202, and filed a motion for leave to file overlength reply, Dkt. 201.

## II. DISCUSSION

### A. Motion to Seal and Motions to File Overlength Response

Regarding the motions to seal, Grimes asserts that the exhibits he submitted in support of the motion contain sensitive and confidential information and should remain under seal. Dkt. 194. The Court agrees that this information should remain confidential and therefore grants the motion. The Court also grants Grimes's and the Government's unopposed motions to file overlength supporting and opposition briefs, respectively, in excess of the twelve-page limitation imposed by Local Criminal Rule 12(b)(5) of the Rules of the United States District Court for the Western District of Washington.

### B. Motion for Compassionate Release

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

> earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction;
> > \*\*\*
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> > (1)(A) Extraordinary and compelling reasons warrant the reduction;
> > \*\*\*
> > (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> > (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13.

### 1. Extraordinary and Compelling Reasons

Recently, Judge Thomas S. Zilly has provided a non-exhaustive list of factors federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease, *see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

The Court finds these factors useful, instructive, and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with recent COVID-19

1 cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American
2 defendant who suffers from hypertension and chronic kidney disease presented
3 extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020
4 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal
5 correctional institution that had only two inmates infected with COVID-19 did not
6 present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600
7 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young
8 female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient
9 evidence of extraordinary and compelling reasons without additional evidence of other
10 risk factors). The Court has discretion to consider the factors provided by Judge Zilly in
11 determining whether Grimes has extraordinary and compelling reasons.[2]

      Here, Grimes asserts that his chronic medical conditions are extraordinary and
compelling reasons because they place him at a higher risk of severe illness from
COVID-19: he has a Body Mass Index ("BMI") of 33.4, Sealed Dkt. 196 at 6, and suffers
from advanced coronary artery disease, *id.* at 127, and hypertension, *id.* at 4. The CDC

---

[2] In the application of USSG § 1B1.13, the Commission has described three categories of potentially "extraordinary and compelling reasons," namely medical condition, age, and family circumstances, *see* USSG § 1.B1.13 cmt. n.1(A)–(C), as well as a "catch-all" provision, *id.* cmt. n.1(D), which "opens the door" to considering factors other than those specifically enumerated, *United States v. McPherson*, 454 F. Supp. 3d. 1049 (W.D. Wash. 2020). However, USSG § 1B1.13 has not been updated since the passage of the First Step Act of 2018, and district courts have largely found that the Commission's list of extraordinary and compelling reasons is not binding, but rather helpful guidance. *See United States v. Almontes*, No. 3:05-cr-58 (SRU), 2020 WL 1812713, at *3 (Apr. 9, 2020 D. Conn.) (providing a list of cases from around the country addressing whether the Commission's list is binding). The Court therefore concludes that, given the "catch-all" provision and the non-binding status of the comments to USSG § 1B1.13, it has discretion to construe the meaning of extraordinary and compelling reasons. *See Grubbs*, 2020 WL 3839619, at *2 n.2.

1  recognizes that obesity, i.e., having a BMI between 30 and 40, and coronary artery

2  disease increases the risk of severe illness from COVID-19 and that hypertension may

3  increase the risk of severe illness.[3] Grimes is also 60 years old, and the CDC recognizes

4  that severe illness from COVID-19 increases with age but makes clear that people

5  between the ages of 50 and 64 have a lower risk for severe infection than individuals

6  aged 65 or higher, with the greatest risk among those aged 85 or older.[4]

7      The Court is persuaded that Grimes has established extraordinary and compelling

8  reasons to warrant reduction of his sentence, and the Government has conceded as much.

9  *See* Dkt. 200 at 8–9 ("Thus, the government acknowledges [obesity] is a risk factor

10 amount[ing] to an extraordinary and compelling reason that permit[s] this Court to

11 consider reducing his sentence."). The Court finds that Grimes's medical conditions,

12 taken together, increase his risk for a severe or deadly infection of COVID-19. His

13 obesity and coronary artery disease are recognized by the CDC as medical conditions that

14 increases the risk of severe infection, and his other underlying, chronic medical condition

15 only adds to that risk. Additionally, FMC Butner currently has ninety-six active COVID-

---

[3] Center for Disease Control and Prevention, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Nov. 2, 2020).

[4] Center for Disease Control and Prevention, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Sept. 11, 2020).

19 cases.[5] The Court therefore finds that Grimes has established extraordinary and compelling reasons to warrant a reduction of his sentence.

### 2. Public Safety

Once a defendant has established that extraordinary and compelling reasons exist to warrant release or a reduction in sentence, the defendant must also show that they no longer present a danger to the safety of any other person or to the community. USSG § 1B1.13(2). In making this determination, the Court looks to the nature and circumstances of Grimes's underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. *See* 18 U.SC. § 3142(g).

The Court here does not find that Grimes has shown that he no longer presents a danger to public safety. It may be fairly said, however, that in the strictest sense, it is nearly impossible for a court to make this finding in such absolute terms whenever someone is released from a lengthy prison sentence after committing a serious felony. The Court must read reasonableness into this requirement: that is, that the finding required by this statute can be made when it can be said that the defendant is most likely not such a danger to the public. Unfortunately, Grimes's criminal history reflects that he has been in and out of prison for most of his adult life with little evidence that he was able to conduct himself in a sober, law-abiding manner. As a result, the Court cannot with

---

[5] Federal Bureau of Prisons, *COVID-19 Update*, https://www.bop.gov/coronavirus/ (last visited Nov. 19, 2020).

any degree of confidence conclude that, upon release, Grimes would not pose a danger to the community.

### 3. 18 U.S.C. § 3553(a) Factors

Finally, even assuming extraordinary and compelling reasons and public safety have been established, the Court must still consider the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Cosgrove*, CR15-230-RSM, 2020 WL 1875509, at *4 (W.D. Wash. Apr. 15, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13). The relevant factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (iv) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

In consideration of these factors, there may be sufficient findings here to justify granting the motion. Though the underlying offense is very serious, when considering the factor of deterrence to Grimes and others, the time he has spent might be characterized as

sufficient to satisfy that factor.[6] Additionally, were Grimes sentenced today for the same offense conduct and criminal history, he would likely be given a sentence of custody closer to what he has already served. If Grimes were to be sentenced today to the same custodial sentence, it might be argued that such a sentence would result in sentencing disparity.

However, because the Court cannot find that Grimes does not present a danger to the safety of any other person or the public, the Court denies Grimes's motion for compassionate release.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Grimes's motion for compassionate release, Dkt. 195, is **DENIED** without prejudice, Grimes's motions for leave to file overlength briefs, Dkts. 193, 201, and his motion to seal, Dkt. 194, are **GRANTED**, and the Government's motion for leave to file overlength response, Dkt. 199, is **GRANTED**.

Dated this 19th day of November, 2020.

BENJAMIN H. SETTLE
United States District Judge

---

[6] Yet it is difficult to take issue with the statement at the original sentencing by Judge Leighton: "This is a serious, serious offense. But more than the seriousness of the offense are the characteristics of defendant himself, and the need to deter you for as long as I can from criminal activity." Dkt. 151 at 10.